IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MATTHEW WIGGINS,

       Plaintiff,

v.                                                             No. CV 10-1159 JH/SVM

D. ROYBALL, J. ANGEL,
FNU VIGIL, J. MACINTOSH,

       Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint and his "Emergency Grievance" (Doc. 7), construed herein as a supplement to the complaint (together the "complaint"). Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendants Royball and Angel prohibited Plaintiff, who is a practicing Muslim, from wearing his religious hair cover while he was in hallways and the dayroom of the prison. Plaintiff also alleges that Defendants Vigil and McIntosh failed to grant his grievances relating to the asserted violation of his constitutional right of freedom of religion. He contends that Defendants' conduct violated the First Amendment. The complaint seeks equitable relief and damages. In his supplement (Doc. 7), he alleges that officers have retaliated against him for exercising his constitutional rights, and he asks for an order requiring Defendants to transfer him to another facility.

No relief is available on Plaintiff's allegations that officials violated his First Amendment rights by refusing to allow him to wear a hair cover in common areas of the prison. Because such religious headgear may be used to conceal drugs, weapons, or other contraband and may spark internal violence among prisoners, the wearing of such articles poses a potential security threat and restricting its wear is entirely appropriate. *See Butler-Bey v. Frey*, 811 F.2d 449, 451 (8th Cir. 1987) (rejecting inmate's claim that prohibition on wearing of fez violates First Amendment); *see also Young v. Lane*, 922 F.2d 370, 375-76 (7th Cir. 1991) (finding regulation disallowing wearing of yarmulke outside of cell justified by security concerns); *Benjamin v. Coughlin*, 905 F.2d 571, 578-79 (2d Cir. 1990) (holding prohibition on wearing of crown does not run afoul of First Amendment). *Portley-El v. Zavaras*, No. 99-1028, 1999 WL 542631, at *2 (10th Cir. July 27, 1999). This claim will be dismissed.

Nor do Plaintiff's allegations that Defendants Vigil and McIntosh failed to grant relief on his grievances support a constitutional claim. "[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983. . . . Because [Wiggins]'s only allegations involving these defendants relate to the denial of his grievances, he has not adequately alleged any factual basis to support an 'affirmative link' between these defendants and any alleged constitutional violation." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted). " 'When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance.' " *Boyd v. Werholtz*, No.10-3284, 2011 WL 4537783, at *1 (10th Cir. Oct. 2, 2011) (quoting *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam)). The Court will dismiss Wiggins's claims against Defendants Vigil and McIntosh.

In Plaintiff's "Emergency Grievance" (Doc. 7), which the Court construes as a supplement to the complaint, Plaintiff appears to allege that certain officers have retaliated against him for exercising his constitutionally protected rights. He states that these officers' actions have put his life in danger. For relief, he seeks an order transferring him to another facility. According to the docket (Doc. 8), Plaintiff has been transferred since he filed the supplement, and this claim is therefore moot. *See Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994) ("[T]his court has explained that a 'plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured [by the defendant] in the future.' ") (second alteration in original) (quoting *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991)). Because no relief can be granted on Plaintiff's supplemental claim for equitable relief, the Court will dismiss the complaint.

3

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE